IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Lee Banks, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 0:21-1928-BHH |
| v. ) | |
| ) | **ORDER** |
| AW Wingfield, *Acting Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Gerald Lee Banks' ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. On July 15, 2021, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In her Report, the Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a return. Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

The Fourth Circuit recently established an updated savings clause test under § 2255 for a petitioner who contests his sentence. *Wheeler*, 886 F.3d at 429. Specifically, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

a fundamental defect.

*Id.* at 429.

In her Report, the Magistrate Judge noted that Petitioner does not claim that his sentence was rendered unlawful by a substantive change in the law that applies retroactively to cases on collateral review; rather, Petitioner challenges the sufficiency of his indictments to support a sentence enhancement.  Ultimately, the Magistrate Judge found that–to the extent Petitioner asserts a claim based on the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019)–such a claim does not meet the savings clause of § 2255(e) because *Davis* presents a new rule of constitutional law made retroactive on collateral review.[2]  Accordingly, the Magistrate Judge determined that this case is subject to dismissal for lack of jurisdiction.

In his objections to the Magistrate Judge's Report, Petitioner argues that he is not challenging his conviction in a § 2241 but is "challenging a sentencing error that resulted in a miscarriage of justice in which this court does have subject matter jurisdiction." (ECF No. 11 at 1-2.)  Essentially, Petitioner asserts that the Court may adjudicate a sentencing error challenge in a § 2241 petition because § 2255 is inadequate and ineffective to form a remedy.

After review, the Court finds Petitioner's objections without merit.  Stated plainly, nowhere does Petitioner point to any factual or legal error in the Magistrate Judge's analysis, and his objections simply do not indicate how his claim meets the savings clause of § 2255(e).  Because the Court agrees with the Magistrate Judge that this Court lacks

---

[2] The Magistrate Judge also noted that Petitioner already raised such a claim in a § 2255 motion filed in the Eastern District of North Carolina.

jurisdiction over Petitioner's § 2241 petition, the Court adopts the Magistrate Judge's Report and overrules Petitioner's objections.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8) and overrules Petitioner's objections (ECF No. 11).  As a result, this action is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 18, 2022
Charleston, South Carolina

******

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.